

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 15, 1992

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-73

Re: Whether a county pre-trial services agency is authorized under chapter 17 of the Code of Criminal Procedure to hold personal property as additional security for personal bond if additional security is ordered by the district court, and, if so, where such personal property should be held (RQ-193)

Dear Mr. Driscoll:

You ask whether the Harris County Pre-Trial Services Agency[1] (the "pre-trial services agency") is authorized under chapter 17 of the Code of Criminal Procedure to hold personal property as security for a personal bond when the security is ordered by the district court. If the pre-trial services agency is permitted to do so, you also ask us to address how the pre-trial services agency should handle such property.

Chapter 17 of the Code of Criminal Procedure sets forth various procedures and requirements for setting bail to allow the pre-trial release of criminal defendants while ensuring their presence at trial. Although the bail bond is the traditional vehicle for achieving this goal, article 17.03 of the Code of Criminal Procedure provides that "a magistrate may, in the magistrate's discretion, release the defendant on his personal bond without sureties or other security." Article 17.04 sets forth the requisites of a personal bond. "A personal bond is sufficient if it includes the requisites of a bail bond as set out in Article 17.08, except that no

---

[1] We note that the Harris County Pre-Trial Services Agency has been the subject of protracted litigation and numerous orders in a federal district court proceeding, *Alberti v. Sheriff of Harris County*, Civil Action No. 72-H-1094, United States District Court for the Southern District of Texas Houston Division. In this opinion, we address the authority of the Harris County Pre-Trial Services Agency only in terms of chapter 17 of the Code of Criminal Procedure. We do not address any additional duties that may be imposed upon it by federal court order.

sureties are required." Code Crim. Proc. art. 17.04. In addition, a personal bond must include detailed information about the defendant, and an oath sworn and signed by the defendant that he or she will appear at trial or pay the court a predetermined sum and reasonable expenses incurred in his or her arrest for failure to appear. *Id.*

The brief submitted with your request suggests that on occasion magistrates in Harris County release defendants on personal bond but impose conditions in addition to those set forth in article 17.04, requiring defendants to surrender personal property such as jewelry, motor vehicle titles and license plates, and stock certificates in closely-held corporations as security.[2] As a result of this practice, you ask whether the pre-trial services agency is permitted by law to hold such personal property. Upon examination of the code provisions establishing the pre-trial services agency, we conclude that it is not permitted to do so.

The pre-trial services agency was established pursuant to article 17.42 of the Code of Criminal Procedure. Section 1 of that article provides that "[a]ny county ... may establish a personal bond office to gather and review information about an accused that may have a bearing on whether he will comply with the conditions of a personal bond and report its findings to the court before which the case is pending." Code Crim. Proc. art. 17.42, § 1. It is evident from this provision that the purpose of the pre-trial services agency, like any personal bond office, is to gather information about defendants and to present that information to the court. We are not aware of any provision authorizing personal bond offices to hold or store personal property, nor is this authority implied from personal bond offices' express statutory authority in section 1 of article 17.42.[3] Therefore, we must conclude that

---

[2]The brief submitted with your request implies that magistrates are not authorized to require such security when releasing a defendant on personal bond. You have not asked us to address this question, however. We assume for purposes of this opinion that magistrates are authorized to require security when releasing defendants on personal bond.

[3]The brief submitted with your request quotes language in former article 2372p-1, V.T.C.S., which it contends is the predecessor statute to article 17.42 of the Code of Criminal Procedure, charging certain entities with "assur[ing] the judge of the court that such entity will assist in securing the presence of the accused at his trial," V.T.C.S. art. 2372p-1, § 3, and suggests that this language is relevant to the authority of personal bond offices. The foregoing provision, however, is *not* the predecessor statute to article 17.42, and does not deal with personal bond offices. Rather, it deals with non-public entities established to provide counsel to indigent defendants. Furthermore, the actual predecessor statute, V.T.C.S. art. 2372p-2, like article 17.42, merely states that the purpose of personal bond offices is "to gather and review information about an accused that may have a bearing on whether he will comply with the conditions of a personal bond and report its findings to the court before which

chapter 17 of the Code of Criminal Procedure does not authorize personal bond offices, including the pre-trial services agency, to hold or store personal property.[4]

## SUMMARY

Chapter 17 of the Code of Criminal Procedure does not authorize the Harris County Pre-Trial Services Agency, a personal bond office created pursuant to article 17.42 of the code, to hold or store personal property required by a magistrate as security on a personal bond.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

(footnote continued)

the case is pending." Acts 1973, 63d Leg., ch. 352, § 1, at 788. The brief also asserts, without citation, that "[f]rom a review of the applicable statutes, it would appear that the personal bond office continues to monitor the defendant, who is released on a personal bond, during the pendency of his court proceedings." Assuming that this is indeed the case, we do not believe that the responsibility of monitoring defendants impliedly authorizes personal bond offices to store defendants' personal property.

[4]Because we have answered your first question in the negative, we do not address your second question regarding how the pre-trial services agency should handle personal property surrendered as security for release on personal bond.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by  Mary R. Crouter
Assistant Attorney General